Form to be used by a prisoner filing a civil rights complaint under
THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Randell Orange #447630
Full Name of Plaintiff, Prisoner Number

Civil Action

VS.
Department of Correction
Ivy miller, Steven Radar
Defendant

Judge

Magistrate Judge

COMPLAINT

I. Previous Lawsuits

A. Have you begun any other lawsuit while incarcerated or detained in any facility?
Yes [ ] No [ ]

B. If your answer to the preceding question is yes, provide the following information.

1. State the court(s) where each lawsuit was filed (if federal, identify the District; if state court, identify the county or parish):

______

______

2. Name the parties to the previous lawsuit(s):

Plaintiffs: ______

Defendants: ______

3. Docket number(s): ______

4. Date(s) on which each lawsuit was filed: ______

5. Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

______

C. Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?

Yes [ ] No [ ]

If your answer to the preceding question is yes, state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

________________________________________

________________________________________

II. A. Name of institution and address of current place of confinement:

David Wade Correction

B. Is there a prison grievance procedure in this insitution?

Yes [X] No [ ]

1. Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

Yes [X] No [ ]

If Yes, what is the Administrative Remedy Procedure number? 2008-138 2008-58

2. If you did not file an administrative grievance, explain why you have not done so.

________________________________________

________________________________________

3. If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

I appeal all the way to Step-3. All was the same response.

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III. Parties to Current Lawsuit:

A. Name of Plaintiff Randell Orange

Address 670 Bell Hill Road, Homer, LA 71040

B. Defendant. Steven Radar, is employed as Warden at Dixon Correctional.

Defendant. Ivy Miller, is employed as Classified Director at Dixon Correctional.

Defendant. ______, is employed as ______ at ______.

Additional defendants ______

IV. Statement of Claim

State the FACTS of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.

On May 26, 2010 my case was reversed by the 1st Circuit Court of Appeal to the 19th JDC to correct they judgment. See Attached Appendix-A.

The plaintiff filed motion to Receive Rewards. The plaintiff was charged and deprived his funds from the 20th JDC for transfer to the 19th JDC. The Correctional Institute was taking 20% of each money order I receive. That money suppose to be rewarded back and the Department pay the fee's.

The plaintiff relief was 3,000 dollars for cruel & unusual punishment because they violated what was written by law and tortured the plaintiff because they felt like he spoke to the Director with harsh words. So they stripped him until he was nake and made him sleep on a iron rack for 10 days without nothing. No mattress, no sheets - nothing.

Back, sides, neck, arms was in pain for months after the incident. The camera can show the abuse. The mental impact is still with me today.

I won the case, I'll like for them to pay for they wrongfully doing & violating the Rules. and what's written by law.

This court told me I had to win in the state court first and then the law-suit will be prevailed in my favor for the violations.

Punishments which are incompatible with the evolving standards of decency that mark the progress of maturing society, or which involve the unnecessary and wanton infliction of pain, are repugnant to the cruel and unusual punishment clause of Eighth Amendment.

Fabricating statements and depriving the inmate of life, property, & belongings without Due-Process is a violation, the constitution and laws that are written.

Abusing your authority making the plaintiff sleep several days without nothing, even nake is a violation up under the 8th Amendment. The camera can show how long they made me sleep on iron without nothing. If I can't prove that. The Reversed days can

Cover the abusive Authority violation due to it was a high handed officer case. That violated the Rules.

V. Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

5000 dollars for the cruel; unusual punish-ment, the extra days I was held in a isolated-cell nake for a wrongfully violation.

VI. Plaintiff's Declaration

A. I declare under penalty of perjury that all of the facts represented in this complaint and any attachments hereto is true and correct.

B. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

C. I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

Signed this 19 day of July 2010, ______.

[signature]
Prisoner no. (Louisiana Department of Corrections or Federal Bureau of Prisons)

Randall Orange
Signature of Plaintiff

4/06

**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**NUMBER 2009 CA 1576**

**RANDELL ORANGE**

**VERSUS**

**STEVEN RADAR, WARDEN, AND IVY MILLER, CLASSIFIED DIRECTOR, DIXON CORRECTIONAL CENTER**

Judgment Rendered: MAY 26 2010

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge, Louisiana
Trial Court Number 568,144

Honorable William Morvant, Judge Presiding

* * * * * * * * * *

| | |
|---|---|
| Randell Orange<br>Dixon Correctional Institute<br>Jackson, LA | Plaintiff/Appellant<br>Pro Se |
| James D. "Buddy" Caldwell<br>Attorney General<br>Wendell C. Woods<br>Patricia H. Wilton<br>Assistant Attorneys General<br>Baton Rouge, LA | Counsel for Defendant/Appellee,<br>Louisiana Department of Public<br>Safety and Corrections |

* * * * * * * * * *

**BEFORE: WHIPPLE, KUHN, DOWNING, HUGHES, AND WELCH, JJ.**

Whipple, J. dissents & would affirm the district court.
Kuhn, J., dissents.

**HUGHES, J.**

This is an appeal by Randell Orange, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), from a judgment of the district court, affirming the disciplinary board's decision imposing discipline of 10 days of disciplinary detention/isolation and 90 days loss of good time, and dismissing Orange's petition for judicial review with prejudice. For the following reasons, we reverse the district court, amend the DPSC ruling, and affirm as amended.

**FACTS AND PROCEDURAL HISTORY**

In a March 20, 2008 disciplinary report, Orange was charged with a violation of Disciplinary Rule 3, Defiance, for allegedly having used insulting or defiant language in a conversation with another inmate at Dixon Correctional Institute. Specifically, a correctional officer overheard Orange state to another inmate, "Tell [another named DPSC employee] to suck my [d**k]." Following a disciplinary hearing, Orange was found guilty of a Rule 3 violation, and penalties of ninety days loss of good time and ten days of isolation were imposed.

From the disciplinary board decision, Orange appealed to both the warden and the Secretary of the DPSC and was denied relief at both administrative levels. Thereafter, Orange filed a petition for judicial review in the Nineteenth Judicial District Court, which affirmed the finding of a disciplinary violation and the punishment imposed.

Orange now appeals to this court, contending that the district court erred in affirming the DPSC's finding of a Rule 3 violation for defiance, when Orange instead should have been found guilty of a Rule 7 violation for disrespect.

conversation." While Orange's comment to another inmate was certainly disrespectful, we do not consider it to have been "abusive." [1]

We conclude the district court, in affirming the DPSC disciplinary board's finding that Orange was guilty of a Rule 3 violation for defiance, instead of a Rule 7 violation for disrespect, was arbitrary and capricious and abused its discretion. Because the applicable disciplinary sanctions authorized for a Rule 3 violation were more severe than those for a Rule 7 violation, we further conclude that Orange's substantial rights were prejudiced by the disciplinary board's erroneous ruling. Accordingly, we hereby amend the DPSC disciplinary board ruling to find Randell Orange guilty of a Rule 7 violation rather than a Rule 3 violation, and amend the penalty imposed from 10 days of solitary confinement and 90 days loss of good time to the lesser penalty of 5 days of solitary confinement and 30 days loss of good time.

## CONCLUSION

For the above and foregoing reasons, we reverse the May 6, 2009 judgment of the district court, affirming the DPSC decision and dismissing Randell Orange's petition for judicial review, and amend the Louisiana Department of Public Safety and Corrections ruling as stated hereinabove, and affirm as amended. Costs of the district court proceeding, in the amount of $982.60, and costs of this appeal, in the amount of $821.50, are assessed against the Louisiana Department of Public Safety and Corrections.

**DISTRICT COURT MAY 6, 2009 JUDGMENT REVERSED; DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS DECISION AMENDED AND AFFIRMED AS AMENDED.**

---

[1] We note that Rule 7 was amended in October 2008 to prohibit "abusive or insulting conversation." See La. Admin. Code, Title 22, Part I, § 363(C) (October 2008). We express no opinion herein regarding the application of the amended provision.

Randell Orange #417630
N2C6
670 Bell Hill Road
Homer, LA 71040

US POSTAGE
$ 01.39
Mailed From 71040
07/26/2010
031A 0005180302

SCREENED
OK
U.S. MARSHAL

Middle District
777 Flordia St Ste139
Baton Rouge, LA 70801